UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT CLARK,

            Petitioner,            Case No. 1:07-cv-752

v.                                    Honorable Gordon J. Quist

SHERRY BURT,

            Respondent.
_____/

## OPINION

This is a habeas corpus action brought by a state prisoner pursuant to 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, RULES GOVERNING § 2254 CASES; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed without prejudice for failure to exhaust available state-court remedies.

**Discussion**

    I.    Factual Allegations

Petitioner is incarcerated at Southern Michigan Correctional Facility. On May 9, 2005, he was convicted by a jury in Ottawa County Circuit Court of three counts of armed robbery, MICH. COMP. LAWS § 750.529, and three counts of possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. Petitioner received sentences of 126 to 600 months and 24 months, respectively. Petitioner appealed his conviction claiming only that the trial court erred in declining to reinstruct the jury on aiding and abetting as applied to the felony-firearm convictions after the jurors sent a question on that theory to the trial court during deliberations. The Court of Appeals affirmed Petitioner's convictions on December 21, 2006. Petitioner sought leave to appeal from the Michigan Supreme Court. According to the petition, Petitioner raised the same claim to the Michigan Supreme Court along with four new grounds:

> A.
> TRIAL COUNSEL'S FAILURE TO PROPERLY CONFER SUBJECT-MATTER [sic] REGARDING A DEFEND [sic] OF ACCESSORY-AFTER-THE-FACT PURSUANT TO MICH. CT. RULE 6.121C [;]
>
> (i)
> DID THE TRIAL COURT ERR BASED ON THE LIMITED INSTRUCTION REGARDING THE ADMISSIBILITY OF A PLEA BASED AGREEMENT TO CORROBORATE THE TRUTHFULNESS OF THE PROSECUTOR'S WITNESSES [;]
>
> (ii)
> FAILURE TO RECUSE THE TRIAL JUDGE BASED ON THE SUMMATION OF THE PLEA AGREEMENT [;]
>
> (iii)
> DEFENDANT [PETITIONER] WAS DENIED DUE PROCESS TO A FAIR TRIAL WHERE THE PROSECUTION VOUCHED AND BOLSTERED THE CREDIBILITY OF THE PROSECUTION'S WITNESSES.

(Pet., Ex. 2 at 9.) The Michigan Supreme Court denied Petitioner's application on April 24, 2007. Petitioner now raises the same five grounds for habeas corpus relief.

II. <u>Failure to exhaust available state-court remedies</u>

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *See O'Sullivan*, 526 U.S. at 842; *Picard v. Connor*, 404 U.S. 270, 275-77 (1971) (cited by *Duncan v. Henry*, 513 U.S. 364, 365 (1995) and *Anderson v. Harless*, 459 U.S. 4, 6 (1982)). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *Duncan*, 513 U.S. at 365-66; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir. 1993); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). "[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan*, 526 U.S. at 845.

The district court can and must raise the exhaustion issue *sua sponte*, when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138-39. Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner cannot meet his burden because it appears that he only presented his first ground of habeas corpus relief at all levels of the Michigan appellate courts. Petitioner does not allege or show that he raised his four remaining claims in the Michigan Court of Appeals. Presentation of an issue for the first time on discretionary

review to the state supreme court does not fulfill the requirement of "fair presentation." *Castille v. Peoples*, 489 U.S. 346, 351 (1989).  Applying *Castille*, the Sixth Circuit holds that a habeas petitioner does not comply with the exhaustion requirement when he fails to raise a claim in the state court of appeals, but raises it for the first time on discretionary appeal to the state's highest court. *See Dunbar v. Pitcher*, No. 98-2068, 2000 WL 179026, at *1 (6th Cir. Feb. 9, 2000); *Miller v. Parker*, No. 99-5007, 1999 WL 1282436, at *2 (Dec. 27, 1999); *Troutman v. Turner*, No. 95-3597, 1995 WL 728182, at *2 (6th Cir. Dec. 7, 1995); *accord Parkhurst v. Shillinger*, 128 F.3d 1366, 1368-70 (10th Cir. 1997); *Ellman v. Davis*, 42 F.3d 144, 148 (2d Cir. 1994); *Cruz v. Warden of Dwight Corr. Ctr.*, 907 F.2d 665, 669 (7th Cir. 1990).  Unless the state supreme court actually grants leave to appeal and reviews the issue, it remains unexhausted in the state courts.  Petitioner's application for leave to appeal was denied, and, thus, the four issues raised for the first time with the Michigan Supreme Court were not reviewed.

While Petitioner's first claim regarding the trial court's failure to reinstruct the jury on aiding and abetting as applied to the felony-firearm convictions has been exhausted, Petitioner's other four claims are separate legal claims that Petitioner must exhaust in the state courts.  An applicant has not exhausted available state remedies if he has the right under state law to raise, by any available procedure, the question presented.  28 U.S.C. § 2254(c).  Petitioner has at least one available procedure by which to raise the issues he has presented in this application.  He may file a motion for relief from judgment under Michigan Court Rule 6.500 *et. seq*.  Under Michigan law, one such motion may be filed after August 1, 1995.  MICH. CT. R. 6.502(G)(1).  Petitioner has not yet filed his one allotted motion.  Therefore, the Court concludes that Petitioner may raise second, third, fourth and fifth grounds in a motion for relief from judgment.

Because Petitioner appears to have some claims that are exhausted and some that are not, his application ordinarily must be dismissed as a mixed petition. *Rose v. Lundy*, 455 U.S. 509 (1982). However, in *Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002), the Sixth Circuit held that when the dismissal of a mixed petition could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. The *Palmer* court indicated that thirty days was a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days was a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state-court remedies. *Id.; see also Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (approving use of stay-and-abeyance procedure, but adding requirements that unexhausted claims not be plainly meritless and that petitioner had good cause for failure to exhaust).[1]

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner appealed his conviction to the Michigan Court of Appeals and the Michigan Supreme Court. The Michigan Supreme Court denied Petitioner's application for leave to appeal on April 24, 2007. Petitioner did not petition for certiorari to the United States Supreme Court. The one-year limitations period, however, did not begin to run until the ninety-day

---

[1] The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). It is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 127 S. Ct. 1079, 1082-85 (2007).

period in which Petitioner could have sought review in the United States Supreme Court had expired. *See Lawrence v. Florida*, 127 S. Ct. 1079, 1083-84 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The ninety-day period expired on July 26, 2007. Petitioner has one year, until July 26, 2008, in which to file his habeas corpus petition. Because Petitioner has more than sixty days remaining in the limitations period, he is not in danger of running afoul of the statute of limitations so long as he diligently pursues his state-court remedies. Therefore, a stay of these proceedings is not warranted.

## Conclusion

In light of the foregoing, the Court will summarily dismiss Petitioner's application pursuant to Rule 4 because he has failed to exhaust state court remedies.

## Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This Court's dismissal of Petitioner's action under Rule 4 of the Rules Governing § 2254 Cases is a determination that the habeas action, on its face, lacks sufficient merit to warrant service. It would be highly unlikely for this Court to grant a certificate, thus indicating to the Sixth Circuit Court of Appeals that an issue merits review, when the Court has already determined that the action is so lacking in merit that service is not warranted. *See Love v. Butler*, 952 F.2d 10 (1st Cir. 1991) (it is "somewhat anomalous" for the court to summarily dismiss under Rule 4 and grant a certificate); *Hendricks v. Vasquez*, 908 F.2d 490 (9th Cir. 1990) (requiring reversal where court summarily dismissed under Rule 4 but granted certificate); *Dory v. Comm'r of Corr. of the State of N.Y.*, 865 F.2d 44, 46 (2d Cir.

1989) (it was "intrinsically contradictory" to grant a certificate when habeas action does not warrant service under Rule 4); *Williams v. Kullman*, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983) (issuing certificate would be inconsistent with a summary dismissal).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined Petitioner's claim under the *Slack* standard.

This Court denied Petitioner's application on the procedural ground of lack of exhaustion. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.* The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition on the procedural ground of lack of exhaustion. "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* Therefore, the Court denies Petitioner a certificate of appealability.

A Judgment consistent with this Opinion will be entered.


Dated:   October 11, 2007             /s/ Gordon J. Quist
                                                        Gordon J. Quist
                                                        United States District Judge